# Hinckley *against* Smith.

Upon an appeal from the judgment of a justice of the peace, the defendant may not have oyer of the original writ so as to make it the subject of a plea in abatement.

Nor can he plead in abatement on the appeal, if he has neglected this opportunity to do so before the justice.

ERROR to the common pleas of *Erie* county.

This action of *assumpsit* originated before a justice of the peace in the name of Hinckley, Sennett & Co. for the use of Lester, Johnson & Co. against Sherban Smith, and was brought into court on an appeal by the defendant, who pleaded in abatement to the writ that

IV.—3 E

[Hinckley v. Smith.]

the names of the plaintiffs were not set out. The plaintiffs demurred to the plea. The court rendered a judgment for the defendant.

*Babbitt,* for plaintiff in error, cited, 1 *Chitt. Pl.* 438 ; Overseers of the Poor *v.* Burne, 12 *Serg. & Rawle* 295 : Dillman *v.* Schultz, 5 *Serg. & Rawle* 36 ; Act of 1810, *Purd. Dig.* 497 ; Klinginsmith *v.* Nole, 3 *Penns. Rep.* 121; *Ashmead's Rep.* 30.

*Riddle,* contra, cited, Porter *v.* Cressan, 10 *Serg. & Rawle* 257 ; Wilson *v.* Wallace, 8 *Serg. & Rawle* 53 ; 1 *Saund. Pl.* 291.

The opinion of the Court was delivered by

KENNEDY, J.—This cause having been brought into the court below by appeal from the judgment of a justice of the peace, before whom it was commenced, the original writ mentioned in the defendant's plea of abatement could form no part of the record in the court; because it was not, and never has been the practice to bring it up with the appeal from the justice. A transcript of the entries, and statement made by him of the action, and the proceedings had in it on his docket, are all that is required. The writ, then, being no part of the record, nor spread upon it in any way by oyer or otherwise, it is impossible to determine whether what the defendant has alleged of it in his plea be true or not.

Pleas in abatement, however, are not favoured, as they tend to delay the final settlement of the matter in controversy according to its merits ; and therefore the court, where the original writ is not considered part of the record, will not aid a defendant, by granting him oyer of it, to make it so, for the purpose of quashing it or abating the action. Now, for aught we know or any thing that the court below could legally have known, the writ issued by the justice for commencing the action may have contained and set forth all that the defendant in his plea has alleged is wanting. But be this as it may, when he put in his plea, the plaintiffs had filed their declaration, stating in the fullest manner all that the defendant asked for, excepting, perhaps, the names of all the persons for whom the suit was brought. But this omission, if such it can be called, supposing it to have existed, furnished no legal ground whatever for quashing the writ ; though it might possibly, under some circumstances, be cause for staying further proceedings in the action until their names were placed on the record. It cannot be pretended that the defendant has a right to demand such a thing, unless it be that he may know to whom he is to look for his costs in case of his succeeding in the action ; for they are not the legal plaintiffs, nor could the suit be sustained in their names as such, inasmuch as they were not parties to the contract upon which it was founded. The declaration of the plaintiffs, however, which contained the . names of the persons who composed the firm of " Hinckley, Sennett & Co." being filed in the action when the defendant pleaded, if that had been all that he

[Hinckley v. Smith.]

wished to have spread and placed upon the record, he ought to have pleaded in bar to the action, because the declaration supplied every thing that a new writ could have given him. But if his great object was to delay the plaintiffs and to put an end to the action without having a trial on the merits, then perhaps the more regular course would have been for him to have tried his luck by endeavouring to obtain oyer of the writ; and if he succeeded in that, to have pleaded the variance, if there be any substantial one, between it and the declaration; or to have moved the court to set the latter aside on that account. But I am not inclined to believe that the variance which he alleges, had it been shown to have existed, would have been sufficient for his purpose; especially as the action was commenced before a justice, where form is not much regarded; and if it were to be required, would tend to defeat, in part at least, the design of giving jurisdiction in such cases to justices of the peace.

But it is an insuperable objection to the plea that it was put in at so late a period as it appears to have been. The utmost strictness is required in respect to all pleas in abatement; and as they tend to keep up and to continue litigation rather than to put an end to it, the defendant, if he intends to put in such plea, must do it at the earliest opportunity that is afforded him, so that there may be no unnecessary delay, otherwise he will not be permitted to plead in abatement of the writ or suit. Accordingly it is not allowed after a general imparlance. The defendant here had an opportunity of making the same plea before the justice that he made in court, but he waived it, and went on to a trial of the cause upon its merits, when a judgment was rendered against him. From this he, by appeal, brought the cause into the common pleas, and there for the first time he pleads in abatement of the writ, by means of which the suit was commenced and tried before the justice. This is rather too bad. The plaintiffs were clearly right in demurring to the plea, and the court below as clearly wrong in deciding for the defendant on it. The judgment is therefore reversed, and judgment for the plaintiffs that the defendant answer over to them.

Judgment reversed.